PARONICH LAW, P.C.
Anthony I. Paronich
350 Lincoln St., Suite 2400
Hingham, MA 02043
617-485-0018
anthony@paronichlaw.com
Attorneys for Plaintiff

**KAUFMAN DOLOWICH, LLP**

Richard J. Perr: Bar Number PA 72883
Monica M. Littman: Bar Number PA 94134
Kaufman Dolowich, LLP
1650 Market Street, Suite 4800, Philadelphia, PA 19103
Phone (215) 501-7002
Facsimile (215) 405-2973
Email rperr@kaufmandolowich.com
Email mlittman@kaufmandolowich.com

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALLEN HARTOONIAN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br> v. <br><br> NRA GROUP, LLC <br><br> Defendant. | Case No.   1:25-cv-01652-KMN <br><br> **JURY TRIAL DEMANDED** |

**JOINT CASE MANAGEMENT PLAN**

Having complied with the meet-and-confer requirements of Local Rule 16.3(a) and Judge Neary's October 17, 2025 Case Management Order, the parties submit the following Joint Case Management Plan.

1. **Principal Issues**

1

1.1 **Separately for each party, please give a statement summarizing this case:**

**By plaintiff(s):**

Plaintiff alleges that Defendant used an artificial or prerecorded voice to place debt-collection calls to his cellular number, which Defendant had no relationship or consent to contact, in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff seeks statutory and treble damages and class-wide relief for all similarly situated persons.

**By defendant(s):**

Defendant denies that it violated the TCPA. Defendant denies that it is liable. Defendant denies that a class is ascertainable.

1.2   **The facts the parties dispute are as follows:**

- Whether Defendant used an artificial or prerecorded voice to call Plaintiff and the putative class.
- Whether Defendant's conduct violated the TCPA.
- Whether Plaintiff can meet the burdens of Rule 23.

   **agree upon are as follows:**

- This action is brought as a putative class action under Fed. R. Civ. P. 23.

1.3   **The legal issues the parties dispute are as follows:**

- Whether Defendant's conduct violated the TCPA.
- Whether class certification is appropriate under Rule 23(b)(2) or 23(b)(3).
- Whether damages are available on a classwide basis.

   **agree upon are as follows:**

The case arises under the TCPA and is subject to this Court's federal question jurisdiction.

1.4 **Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:**

None.

1.5 **Identify any named parties that have not yet been served:**

None.

1.6 **Identify any additional parties that:**

**plaintiff(s) intends to join:**

None, although the Plaintiff may re-evaluate that position if discovery reveals that a third party physically dialed the call.

**defendant(s) intends to join:**

None.

1.7 **Identify any additional claims that:**

**plaintiff(s) intends to add:**

None.

**defendant(s) intends to add:**

None at this time.

2.0 **Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal

3

Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

2.1 **Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.**

None at this time.

**3.0 Early Motions**

**Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:**

After sufficient discovery, the Plaintiff intends to file a motion for class certification.

**4.0 Discovery**

4.1 **Briefly describe any discovery that has been completed or is in progress:**

**By plaintiff(s):**

Plaintiff has commenced discovery following the 26(f) conference by serving interrogatories and document requests on Defendant.

**By defendant(s):**

Defendant will be serving its Initial Disclosures and discovery requests on Plaintiff.

4.2 **Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):**

4

Each party will be deposed.  Each party will respond to interrogatories and document requests, which will include discovery related to the propriety of class certification.  Each party reserves the right to interpose objections to discovery requests, including discovery related to the propriety of class certification.

Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

None to date.

4.3  Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

None.

4.4  For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

4.4.1 depositions (excluding experts) to be taken by:

plaintiff(s):<u>7     </u>       defendant(s):<u>         7</u>

4.4.2 interrogatories to be served by:

plaintiff(s):<u>25     </u>       defendant(s): <u>25     </u>

4.4.3 document production requests to be served by:

        plaintiff(s): ___30___    defendant(s): __30___

    4.4.4    requests for admission to be served by:

        plaintiff(s): ___20___    defendant(s): 20_____

  4.5    Discovery of Electronically Stored Information

X Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

☐ Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

☐

**5.0    Protective Order**

  5.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

Parties may demonstrate the need for a protective order with a showing of good cause, by demonstrating a particular need for protection. *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).

Plaintiff has filed claims against Defendant under the Telephone Consumer Protection Act 47 U.S.C. 227, *et seq.* ("TCPA"). (Doc. 1). In order to defend against these claims, Defendant may need to produce certain internal policies and procedures, which are confidential and proprietary. Defendant has a significant interest in protecting the disclosure of this proprietary information from the public. Disclosure of Defendant's internal policies and procedures would expose Defendant's confidential information and trade secrets to its competitors. Defendant would be put in an untenable position to defend this action at the risk

of irreparable damage to its business by disclosing its internal policies and procedures. Defendant, therefore, submits that good cause exists for the entry of a protective order. Defendant also reserves all rights to interpose objections to Plaintiff's discovery requests.

    5.2    If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below: The parties do not dispute entry of a protective order.

**6.0 Scheduling**

Consistent with Judge Neary's October 17, 2025 Case Management Order, the parties propose the following deadlines through the dispositive motion and class certification phase:

    **Fact Discovery:** July 1, 2026
    **Affirmative Expert Reports:** August 5, 2026
    **Responsive Expert Reports:** September 2, 2026
    **Supplemental Expert Reports:** September 16, 2026
    **Dispositive and Daubert Motions & Supporting Briefs:** October 7, 2026
    **Motion for Class Certification**: October 7, 2026

**7.0 Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

_____

Name

    Allen Hartoonian
_____

Title

_____

Plaintiff

7

Mr. Hartoonian can be contacted through Plaintiff's counsel.

Name

Steven Kusic

Title

CEO of NRA Group, LLC

Mr. Kusic can be contacted through Defendant's counsel.

**8.0**     **Alternative Dispute Resolution ("ADR")**

    8.1     Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

             <u>The parties agree to engage in mediation at the appropriate time, which they submit is at the close of discovery.</u>

    8.2     If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

    8.3     If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

**9.0   Consent to Jurisdiction by a Magistrate Judge**

Indicate whether all parties agree, pursuant to 28 U.S.C. ' 636I(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:  Defendant would agree.

All parties agree to jurisdiction by a magistrate judge of this court: _____ Y  \_X\_ N.

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:

_____  Scranton/Wilkes-Barre
_____  Harrisburg
_____ Williamsport

**10.0   Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

   The parties agree that a deadline should be set for the Plaintiff to file a motion for class certification and that the deadline should be October 7, 2026.

**11.0 Identification of Counsel**

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and

shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

Dated:                  _/s/ Anthony I. Paronich_

                        Attorney(s) for Plaintiff(s)

                        G     ECF User(s)

                        G     Waiver requested (as separate document)

                        G     Fed.R.Civ.P.7.1 (statement filed if necessary)*

Dated: October 31, 2025     _/s/  Monica M. Littman_

                        Attorneys(s) for Defendant(s)

                        X     ECF User(s)

                        __     Waiver requested (as separate document)

                        __     Fed.R.Civ.P.7.1 (statement filed if necessary) – Defendant will file its Fed R. Civ. P. 7.1 statement by November 5, 2025.*

* Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.

                                           Respectfully submitted

Dated: October 31, 2025        /s/ *Anthony Paronich*
                               Anthony Paronich
                               Email:  anthony@paronichlaw.com
                               PARONICH LAW, P.C.
                               350 Lincoln Street, Suite 2400
                               Hingham, MA 02043
                               Telephone:  (617) 485-0018
                               Facsimile:  (508) 318-8100

                               *Attorneys for Plaintiff and the Proposed Class*

Dated:  October 31, 2025       /s/ *Monica M. Littman*
                               RICHARD J. PERR, ESQUIRE (PA 72883)
                               MONICA M. LITTMAN, ESQUIRE (PA 94134)
                               KAUFMAN DOLOWICH LLP
                               One Liberty Place
                               1650 Market St., Suite 4800
                               Philadelphia, PA  19103-1628
                               (v) 215.501.7002; (f) 215.405.2973
                               rperr@kafumandolowich.com
                               mlittman@kaufmandolowich.com
                               Attorneys for Defendant NRA Group, LLC

11