# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN HARTOONIAN, individually and on behalf of all others similarly situated, | : : : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : : | No. 1:25-cv-01652-KMN (District Judge Keli M. Neary) |
| NRA GROUP, LLC, | : : | |
| Defendant. | : | |

## **<u>Interim Protective Order</u>**

It appears discovery and production of documents by parties and third parties may be the proper subject of a protective order under Fed. R. Civ. P. 26(c) and that at least one of the parties will likely seek such protection for information to be produced in discovery. In order to assist in the timely completion of discovery without undue delay or unnecessary motion practice, the Court enters this Protective Order.

This Order governs production of materials by parties to this action, as well as third-party discovery respondents, each of whom will be referred to throughout the remainder of this order as "party" or "parties" unless specifically stated otherwise.

1. **Acknowledgment of Adequate Protections within this Order.** The parties anticipate that production of responsive information could be delayed by objections asserting that material should be protected because it is:

    a)    private financial information of parties as well as third parties;

          or

    b)    a trade secret or other confidential research, development, or commercial information.

Thus, the parties have agreed to this order so that they can establish protections that will avoid the withholding of information based upon these objections. The parties acknowledge that the protections set forth in this Order are reasonable and sufficient to insure against misuse of any such information within this litigation. The parties agree that they will not withhold any information, documents or data based upon an assertion of the need for additional protection.

Having provided the parties a mechanism for the protection of information of a confidential nature, any party responding to discovery may not assert such confidentiality to redact any portion of any produced document, nor may it assert that a proprietary, sensitive, confidential or trade secret status is a basis for non-disclosure either in response to written discovery or deposition questions. Nothing in this Order requires any party to produce, or to not redact, privileged information.

Any party responding to discovery may redact information that is irrelevant and not proportional to the case.

  2. Designation of Confidentiality.

    a. Production.

Any party responding to a subpoena, a deposition notice, or written discovery, may – acting in good faith – designate the responsive information to that discovery as "**CONFIDENTIAL**" (hereafter referred to as "information designated as confidential"). As to written materials, that party shall make the designation by producing the information and affixing a stamp conspicuously designating the information as "**CONFIDENTIAL**." The "**CONFIDENTIAL**" stamp must be text-searchable and placed in the header or footer of every designated page that contains any confidential information. The materials must be produced electronically. Any information designated as confidential must be segregated from materials not subject to this order.

Contemporaneously with the production of the information designated as confidential, the party making the designation must also serve a log of all information indexing those materials and the basis upon which the designation is made pursuant to Fed.R.Civ.P. 26(c). The log must identify each document produced using a Bates number for reference.

*Information designated as confidential* which has been timely and properly identified on the log shall thereafter be entitled to the protection described in paragraph 3 of this order.

      b.    Depositions.

A party need not tender any designations during the course of a deposition in order to preserve the right to designate testimony as confidential as set forth below. Consequently, no party may tender any such designations during any deposition. A party who intends to designate testimony as "**CONFIDENTIAL**" must, before the conclusion of the deposition, notify the parties of that intent and request a copy of the transcript. Within 14 days after receipt of the transcript, a party may designate as "**CONFIDENTIAL**" only those portions of the transcript which contain confidential matters. The designation is made by affixing a stamp in the header or footer conspicuously designating the information as "**CONFIDENTIAL**" on only those pages of the transcript which the party seeks to protect.

If the party has taken all the steps to obtain a transcript of a deposition, that deposition testimony will be treated as "**CONFIDENTIAL**" until the expiration of the 14-day period described above. A party making designations shall serve: (a) a complete copy of the transcript including those portions with the designations and (b) a log identifying each designated page and the basis upon which the designation is made pursuant to Fed.R.Civ.P. 26(c). The transcript shall be served by the later of:

(a) the 14-day period described above and (b) the date that the designating party receives confirmation that the non-designating party has purchased a transcript from the court reporter. Any portion of such a timely served transcript which designated as "**CONFIDENTIAL**," and identified on the log, shall thereafter be treated as "**CONFIDENTIAL**."

    c.    Standard for designation.

No material may be designated as "**CONFIDENTIAL**" unless the party or third party making the designation has a good faith belief that the material would be entitled to protection if the party filed a motion for a protective order. A document shall not be marked as confidential if it has previously been made available to the public or otherwise disclosed on a non-confidential basis. All designations of confidentiality are subject to the Federal Rules of Civil Procedure.

    3.    Protection of Information Designated as Confidential.

Any information designated as confidential which has been properly disclosed on a timely produced log shall be protected under the terms of this Order until such time as 1) the Court rules on the designation pursuant to a motion by the designating party, 2) the designating party waives its assertion of confidentiality expressly in writing, or by failure to file a timely motion for a protective order, 3) the documents are submitted to the Court in connection with a dispositive motion, or at trial of this matter, subject to the conditions set forth below. At that time, the materials cease to

be subject to the protections of this order and the information may be used in any fashion consistent with other materials obtained through discovery.

    4.    Use of Protected Information.

Any protected information subject to this order may only be used in this litigation or litigation of similar cases against the party producing the information subject to the protections of this order. This information may only be disclosed to:

    a.    Attorneys appearing in this case and attorneys, staff, and office personnel within that attorney's firm.

    b.    The Parties.

    c.    The Court, witnesses testifying in Court, the Court's personnel, and the jury.

    d.    Court reporters engaged to transcribe the proceedings or discovery.

    e.    Deponents who are the designating party's designee or the designating party's present or former employees

    f.    Other deponents.

    g.    Consulting attorneys, experts, and consulting experts associated with the attorneys appearing in this case.

Each person in subparagraphs f through g above, who receives material subject to the protections of this order shall be given a copy of this order prior to

receiving the materials and shall be asked to execute a copy of the acknowledgment attached as Exhibit A to this order ("the Acknowledgment"). Notwithstanding any contrary language in this order, if a person described in subparagraph 4.f refuses to execute the Acknowledgement, then that person may still be provided with information designated as confidential, unless the designating party immediately moves for, and obtains, a separate order from the Court prohibiting the disclosure. No person described in subparagraph 4.g may receive information designated as confidential unless that person has first executed the Acknowledgement.

     5.     Objections to the Designation of Confidentiality.

After receiving information designated as confidential, the receiving party may object to the designation by providing written objections to the designation and requesting a conference to resolve the conflict. The party asserting the designation is responsible for making good faith efforts to arrange that conference. If the parties cannot resolve the objections to the designation, the party asserting the designation of confidentiality shall move for a protective order under Fed.R.Civ.P. 26(c) within 14 days of receiving the objections, demonstrating good cause, specific harm arising from the disclosure, and setting forth reasonable restrictions that it requests on the discovery sought. The failure to move for a protective order within that 14-day period waives the designation. For purposes of this paragraph, if the Court does not allow a discovery motion to be filed unless it has first held a conference call with the

parties, then arranging for a conference call with the Court shall constitute the filing of a motion for a protective order. The parties shall treat as Confidential all information designated as confidential until such time as the Court rules that such materials should not be treated as Confidential or until the designating party waives the confidentiality.

    6.    Use of Confidential Materials in Filings

        a.    A party may file of record any information that is protected as confidential but must file that document and all accompanying exhibits as documents "filed under seal" as described in LCrR 49(b)(1). This Order constitutes the authorization for such a filing as described in L.R. 5.8, LCrR 49(a) and LCrR 49(c)(3). The party filing the document need not satisfy LCrR 49(c)(1) or LCrR 49(c)(2).

        b.    A party seeking to maintain the status of the documents as "filed under seal" must file a motion within 14 days. The motion shall be filed on paper and shall identify the document that has been "filed under seal" by title and date of filing. The motion shall contain no other description or identification of the document that has been "filed under seal" nor shall it contain a statement of reasons as to why the status of the documents as "filed under

        seal" shall be maintained. When the motion is filed, the party filing the motion shall also present to the Clerk's Office, on paper, a statement of the legal and factual justification for maintaining the status of the document as "filed under seal."

    c.    If no motion to maintain the status of the documents as "filed under seal" is timely filed, the documents become part of the public record and cease to be confidential. In that event, then any party may file the Notice and Proposed Order attached as Exhibit B, and the dispositive motion and exhibits shall be released from the seal. The party filing the Notice and Proposed Order need not seek any further concurrence for the filing.

7.    Use of Confidential Materials at Trial

A party may use any information designated as confidential at trial, and the procedure in this ¶ 7 applies. Unless the information is offered only on rebuttal, it must be identified in the Joint Final Pretrial Report. The party seeking to maintain any such information as confidential must move for such an order. The motion must be made prior to trial, but no later than 7 days after the filing of the Joint Final Pretrial Report. If no motion is timely made, the information is no longer subject to the protections of this order.

If information designated as confidential is offered at trial on rebuttal, no advance notice of the intended usage is required, but a party seeking to maintain the information as confidential may make an immediate motion. If no motion is made, the information becomes part of the public record upon its admission into evidence.

8. Retention of Jurisdiction

The Court will retain jurisdiction over the parties for purposes of enforcement or modification of this order.

9. Effectiveness of Order

This agreement takes effect only once it is approved by the Court, and will be void and of no effect with respect to any information that is produced before the agreement is approved.

**SO ORDERED**.

Entered on _____          _____
                                       Keli M. Neary
                                       United States District Judge

Stipulated To By:


/s/_____
Jeremy C. Jackson, Esquire
Bar ID PA
Bower Law Associates, PLLC
403 South Allen Street, Suite 210
State College, PA 16801
jjackson@bower-law.com

/s/ *Anthony I. Paronich*
Anthony I. Paronich, Esquire
Paronich Law, P.C.
350 Lincoln St., Suite 2400
Hingham, MA 02043
anthony@paronichlaw.com


/s/ Monica M. Littman
Monica M. Littman: Bar ID PA 94134
Kaufman Dolowich, LLP
1650 Market Street, Suite 4800
Philadelphia, PA 19103
mlittman@kaufmandolowich.com

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN HARTOONIAN, individually and on behalf of all others similarly situated, | : : : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : : | No. 1:25-cv-01652-KMN (District Judge Keli M. Neary) |
| NRA GROUP, LLC, | : : | |
| Defendant. | : | |

**Acknowledgment of Receipt of Interim Protective Order**

I, _____ (print name), acknowledge that I have read and that I understand the **Interim Protective Order** ("Order") entered in this action and agree to abide by its terms and conditions. As a condition to access by me to documents designated by the parties to this action as "CONFIDENTIAL," I agree to submit to the jurisdiction of the United States District Court for the Middle District of Pennsylvania in connection with any alleged breach by me of the **Order**.

_____
Signature

## Exhibit B

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN HARTOONIAN, individually and on behalf of all others similarly situated, | : : : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : : | No. 1:25-cv-01652-KMN (District Judge Keli M. Neary) |
| NRA GROUP, LLC, | : : | |
| Defendant. | : | |

### Notice That Document Should Be Unsealed

On _____, a document was filed to docket entry \_\_\_\_\_. This document was filed under seal, as required by paragraph 6.a. of the protective order which had previously been entered by the Court (see Doc. \_\_\_\_). Paragraph 6.c of that protective order requires that the sealed document be automatically unsealed if a motion to preserve the sealed status is not timely filed. The undersigned certifies that no such motion has been filed, and that the time to do so has passed. A draft order which would unseal the filing is attached.

/s/_____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN HARTOONIAN, individually and on behalf of all others similarly situated, | : : : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : : | No. 1:25-cv-01652-KMN (District Judge Keli M. Neary) |
| NRA GROUP, LLC, | : : | |
| Defendant. | : | |

## Order to Unseal Record

It is ordered that the document filed on _____ by _____.

identified as docket entry [Doc.\_\_\_\_\_] and all accompanying exhibits are hereby

released from seal, become part of the public record, and cease to be confidential.

Entered on _____     _____
                                    Keli M. Neary
                                    United States District Judge